(No. 77-CC-1592– )

DOROTHEA CASEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 20, 1980.*

CORNFIELD AND FELDMAN (CLIFFORD SCOTT-RUDNICK, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant in this matter, Dorothea Casey, has been employed by the State of Illinois, Dept. of Mental Health since 1947. Claimant's job position title was clerk stenographer III for the period of time which is the subject of this claim, she was entitled to pay and benefits of the job position title of Secretary I.

Claimant timely filed an appeal of her job allocation with the Illinois Civil Service Commission (ICSC). A hearing was held pursuant to the rules of the ICSC and the Commission entered its order on May 18, 1977, awarding Claimant salary differential for the period of April through September, 1975. Claimant also timely filed a grievance pursuant to the Illinois Department of Personnel, seeking in part monies owed to her because of alleged improper acts committed by the Department of Mental Health.

As a result of that grievance, a monetary award was entered for Claimant, calculated by subtracting the

difference between the salary level of Secretary I and Clerk Steno III. This grievance award explicitly covered the period from July 1, 1975 to December 16, 1976. This grievance award also provided for credit for period already covered by the Civil Service Commission award noted above.

Claimant then pursued her grievance rights through grievance review by the Department of Personnel. The final decision of the Department of Personnel was never appealed to any Court.

Claimant now requests that she be awarded monies totaling $1,514.53 for the period of time from April 1, 1975, through December 15, 1976. This includes both the period of time granted by the ICSC and the extended period awarded by the Department of Personnel.

Respondent now disputes the time span over which these awards extend and requests this Court to reduce Claimant's award from $1,514.53 to $829.43.

In support of its position Respondent has introduced evidence designed to cast doubt on the earlier decision's conclusions that Claimant was in fact performing Secretarial I functions during the period in question. Respondent has also presented a rather novel solution to the problem whereby on the one hand they admit that there is no Personnel Rule relating directly to temporary assignments to higher job classifications, yet recommend that the Court treat the temporary assignment as a temporary reallocation and thereby implement Personnel Rule I30. This would permit retroactive adjustment back to November 9, 1975, the date Claimant's request for reaudit was filed with the Department of Personnel.

We are not persuaded by this testimony and argument. At the onset it must be noted that a final and

appealable order of the Civil Service Commission may be reviewed by the Circuit Court subject to the rules of the Court and the procedures of the Administrative Review Act. In Claimant's cause no such review was initiated. Likewise, no appeal was filed regarding Claimant's grievance award. This Court is of the opinion that such issues as Respondent has raised should be the object of appeal through the Administrative Review Act. This Court is not the forum for tardy appeals that Respondent has either carelessly or deliberately neglected to bring in the Circuit Court.

Accordingly, it is hereby ordered that the Claimant, Dorothea Casey, be and the same is hereby awarded the sum of one thousand five hundred fourteen and 53/100 ($1,514.53) dollars.